IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHLEEN KERR
and JANE TERRY,

    Plaintiffs/Counter-Defendants,

    v.                                      Civ. No. 23-626 SCY/JMR

SCOTT MATASAR and
MATASAR JACOBS LLC,

    Defendants/Counterclaimants,

and

TIMOTHY J. RIVERA,

    Plaintiff/Counter-Defendant,

    v.                                      Civ. No. 24-307 SCY/JMR

SCOTT MATASAR and
MATASAR JACOBS LLC,

    Defendants/Counterclaimants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING CONSOLIDATION**

    Plaintiffs used to work in a financial practice together. A third party purchased the financial practice, the transition did not go smoothly, and the purchaser of the financial practice brought a state lawsuit against the Plaintiffs in this case. Defendants represented Plaintiffs in this state lawsuit and in the subsequent arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA") action and arbitration. Unhappy with the quality of this representation, Plaintiffs have sued Defendants. They did not bring suit together, however. Instead, Plaintiffs Kerr and Terry joined in one lawsuit against Defendants while Plaintiff Rivera sued Defendants separately. The Court consolidated these cases for purposes of discovery.

Defendants now move to consolidate the two cases for trial, and Plaintiff Timothy Rivera opposes consolidation. Plaintiffs Kathleen Kerr and Jane Terry took no position on the motion. Because the two cases involve common issues of law and fact, and Plaintiff Rivera's claims of confusion and prejudice are unconvincing, the Court will grant Defendants' motion and consolidate these cases for trial.

## **DISCUSSION**

The Federal Rules provide that a district court "may" consolidate multiple actions "involving a common question of law or fact." Fed. R. Civ. P. 42(a). The Tenth Circuit has approved of consolidation "[w]here the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, [and] where the rights of the parties will be adequately protected." *Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). That is, once the Court has determined that there are common questions of law or fact, it "should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.,* 866 F. Supp. 1560, 1572 (D.N.M. 1994). "Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion." *Id.* (citations omitted).

These actions involve common questions of law and fact. As Plaintiff Rivera admits, all three Plaintiffs claim legal malpractice and breach of fiduciary duty arising from Defendants' joint representation of the three Plaintiffs in the FINRA arbitration, which ultimately culminated in a joint and several award against all three Plaintiffs. Doc. 39 at 2 (No. 23-626). As Defendants point out, they also bring virtually identical counterclaims against all three Plaintiffs for unpaid legal bills. Doc. 3 at 5-7 (No. 24-307); Doc. 4 at 8-10 (No. 23-626).

Despite these common questions of law and fact, Plaintiff Rivera argues that differences between the claims counsel against consolidation. Specifically, Plaintiff Rivera points out that he alone brings claims for Defendants' representation of Plaintiff Rivera in lateral transition regulatory counseling, Doc. 38 at 2-3, and his damages are different from the other two, *id.* at 4. But, as Defendants point out in reply, Rule 42 does not demand lawsuits be identical in order to be suited for consolidation. It requires only that the actions have at least one common question of law or fact. Doc. 39 at 2; Fed. R. Civ. P. 42(a) (consolidation permitted for multiple actions "involving *a* common question of law or fact") (emphasis added). The claims of all Plaintiffs here involve common questions of law and fact.

Therefore, the Court proceeds to the second step: "weighing the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Servants of the Paraclete*, 866 F. Supp. at 1572. To begin, there is unlikely to be any delay arising from consolidation. Rather, the delay would be in holding two jury trials instead of one. Therefore, this factor favors consolidation.

Moving on to considerations of prejudice and confusion, Plaintiff Rivera argues that the root of his claim is a conflict he has with the other two Plaintiffs. His claim against Defendants is that Defendants continued to represent all three Plaintiffs jointly when there was a clear conflict between them in the FINRA arbitration. Doc. 38 at 2 (No. 23-626). Further, "Plaintiff Rivera's claim differs in that his allegations include Defendants' insistence on dismissing a state court case against Plaintiff Terry, which caused him to be named in a FINRA action." *Id.* Plaintiff Rivera asserts this will confuse the jury, and prejudice him by having to present his claim "alongside" the Plaintiffs he has a conflict with. *Id.* at 5.

The Court finds that multiple trials will not solve Plaintiff Rivera's perceived problems.

3

Because the root of his claim against Defendants is a conflict with the other Plaintiffs, separate trials will not prevent either jury from hearing about this conflict. Further, Plaintiff Rivera no longer shares representation with the other Plaintiffs and so a joint trial will not impair his ability to present his side of the story. In short, the Court disagrees that impaneling two separate juries will simplify the issues for either jury.

Finally, the Court finds that the prejudice relating to Plaintiff Rivera having to present his case "alongside" parties with whom he has a conflict does not justify the burden and expense of two separate jury trials. Co-defendants frequently have conflicts with each other in the same trial. Plaintiff has presented no persuasive reason to treat co-plaintiffs differently.

## CONCLUSION

Defendants' Opposed Motion To Consolidate, Doc. 33 (No. 23-626), is GRANTED. Civil Case Nos. 23-626 and 24-307 are hereby consolidated for all purposes, including trial. All filings in these consolidated cases shall be filed in the lead case, Civ. No. 23-626, and shall use the consolidated case caption as it appears on the first page of this Memorandum Opinion and Order.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE